MEMORANDUM **
Abdul Ghafar, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) dismissal of his appeal of an Immigration Judge’s (“IJ”) denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.
The facts of the case are known to the parties, and we do not repeat them below.
Ghafar first argues that the IJ’s adverse credibility finding is not supported by substantial evidence. We disagree. Ghafar’s testimony regarding the number of people who attacked him at a rally in Pakistan is inconsistent with the declaration he submitted in support of his asylum application. This inconsistency was relied upon by the IJ and goes to the heart of Ghafar’s claims for asylum and withholding of removal. The record does not compel the conclusion that Ghafar testified credibly. See, e.g., Kohli v. Gonzales, 473 F.3d 1061, 1071 (9th Cir.2007); Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003) (“So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner’s] claim of persecution, we are bound to accept the IJ’s adverse credibility finding.”).
Ghafar next argues that the IJ’s refusal to admit Ghafar’s proffered documentary evidence and expert testimony violated Ghafar’s due process rights. We disagree. An IJ’s exclusion of proffered evidence may result in a due process viola *713 tion if “the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and if the alien shows prejudice from this unfairness.” Ladha v. INS, 215 F.3d 889, 904 (9th Cir.2000). Ghafar fails to show any prejudice. The excluded evidence and testimony would not have affected the adverse credibility finding that .was fatal to his claims.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provid'ed by Ninth Circuit Rule 36-3.